UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL,<br><br>        Plaintiff,<br><br>v.<br><br>MELISSA TINSLEY and JACK A. TINSLEY, JR.,<br><br>        Defendants. | Civ. No. 19-23<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

      This matter comes before the Court upon the Motion to Dismiss filed by Defendants Melissa Tinsley and Jack Tinsley, Jr. (collectively, "Defendants"). (ECF No. 12.) Plaintiff Wilnick Dorval ("Plaintiff") opposes. (ECF No. 14.) The Court has decided this Motion on the written submissions of the parties, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated herein, the Motion is denied.

## **BACKGROUND**

      Sapphire Village Condominium Complex ("Sapphire Village") is a condominium complex located in St. Thomas, United States Virgin Islands. Plaintiff has rented Unit 265 at Sapphire Village since October 1, 2015. (Compl. ¶ 4.1.7, ECF No. 1.) On April 1, 2019, Plaintiff commenced this civil action by filing the Complaint, alleging that the Sapphire Village Condominium Association (the "Association"), along with the owners and tenants of Sapphire

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

Village, have conspired with each other to drive Plaintiff out of his apartment primarily by making excessive noise. (*See id.* ¶¶ 4.1–4.2.10.)

For example, Plaintiff alleges that the Association and other Sapphire Village tenants conspired to tamper with all of the screen doors in the St. Vincent building to make loud noises that reverberated through Plaintiff's apartment. (*Id.* ¶¶ 4.2.1–4.2.10.) Further, Plaintiff alleges that the Association has made coordinated efforts to conduct construction and repairs around his apartment to create noise. (*Id.* ¶¶ 4.7.1–4.7.12.) Plaintiff also claims that several Sapphire Village tenants follow him around St. Thomas blocking his path, harassing him, moving their heads "wildly" at him, and intentionally provoking him. (*Id.* ¶¶ 4.10.1–4.10.7.) Finally, Plaintiff claims that the Association engages in "unlawful discovery," through which Sapphire Village employees and residents search his apartment and trash without his consent. (*Id.* ¶¶ 4.12.1–4.12.7.)

Plaintiff alleges that the motivation for this conduct is racial discrimination because he is black and from Haiti. (*Id.* ¶ 1.1.) Plaintiff claims that, due to his race, the Association, owners, and tenants seek to force him out of his apartment and out of the United States. (*Id.*) Specifically, Plaintiff states that:

> Defendants have no legitimate non-discriminatory reason to justify their treatment of Plaintiff, rather, Defendants based their action on Plaintiff's race and national origin. Because of Defendants' discriminatory act, Plaintiff is deprived of the use of his apartment and bedroom; of the privileges and benefits of Sapphire Village Development and was denied the right to make and enforce a contract, was subject to unlawful discrimination and was denied equal treatment in a place of public accommodation.

(*Id.* ¶ 1.3.)

Plaintiff alleges that the Defendants Melissa Tinsley and Jack Tinsley, Jr. own Unit 273 at Sapphire Village and lease it out. (*Id.* ¶ 4.4.29.) Plaintiff alleges that Defendants and their

unnamed tenants conspired with the Association and others to "make loud banging, stumping and screaking noise disturbances to cover-up the hammering noise disturbances" made by the prior tenants of Unit 273. (*Id.* ¶ 4.4.31.) Dorval specifically alleges noise disturbances from Unit 273 between the dates of October 29, 2019 and November 9, 2019 as well as between February 25, 2019 and March 13, 2019. (*Id.* ¶¶ 4.4.38–4.4.39.)

The Complaint alleges eleven causes of action. Counts 1 and 2 allege violations of the Fair Housing Act ("FHA"). (*Id.* ¶¶ 5.1.1–5.2.10.) Count 3 alleges violations under 42 U.S.C. § 1981. (*Id.* ¶¶ 5.3.1–5.3.10.) Count 4 alleges violations under 42 U.S.C. § 1982. (*Id.* ¶¶ 5.4.1–5.4.8.) Count 5 alleges violations under 42 U.S.C. § 2000a. (*Id.* ¶¶ 5.5.1–5.5.3.) Count 6 alleges violations under 42 U.S.C. § 1985. (*Id.* ¶¶ 5.6.1–5.6.8.) Count 7 alleges unlawful entry, trespass, invasion of privacy, unlawful search and seizure, and conversion. (*Id.* ¶¶ 5.7.1–5.7.9.) Count 8 alleges violations under Virgin Islands privacy and nuisance laws. (*Id.* ¶¶ 5.8.1–5.8.9.) Count 9 alleges negligence. (*Id.* ¶¶ 5.9.1–5.9.7.) Count 10 alleges a civil and criminal conspiracy to violate the FHA. (*Id.* ¶¶ 5.10.1–5.10.4.) Count 11 alleges intentional infliction of emotional distress. (*Id.* ¶¶ 5.11.1–5.11.6.)

Plaintiff filed four other civil cases alleging nearly identical claims against the Association and other owners and tenants at Sapphire Village. (*See* Civ. Nos. 16-50, 18-15, 18-29, and 18-32.) In Civ. No. 18-29, the Court dismissed Counts 5 and 6, alleging violations of 42 U.S.C. § 2000a and 42 U.S.C. § 1985, respectively, and allowed the remaining claims to proceed. (Civ. No. 18-29, ECF No. 534.) On May 10, 2019, Defendants filed the present Motion to Dismiss, or in the alternative, Motion for a More Definite Statement and to Strike. (ECF No. 12.) Plaintiff opposed. (ECF No. 14.) On December 4, 2019, the Court consolidated this case with the four related cases. (ECF No. 44.) Defendants' Motion is now before the Court.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.*; *see also Iqbal*, 556 U.S. at 679. Finally, the court must assume the veracity of all well-pleaded factual allegations and "determine whether the facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679); *see also Malleus*, 641 F.3d at 563. If the complaint does not demonstrate more than a "mere possibility of misconduct," it must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Defendants argue that Plaintiff has failed to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. (Defs.' Br. at 1, ECF No. 13.) Defendants also argue that the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id.*) In the alternative, Defendants move for a more definite statement of the Complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and move to strike the "many outrageous allegations" in the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (*Id.*)

## I. Rule 8 Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure imposes "minimal burdens on the plaintiff at the pleading stage." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Frazier v. Se. Pa. Transp. Auth.*, 785 F.2d 65, 67 (3d Cir. 1986). Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Tucker v. (HP) Hewlett Packard, Inc.*, 689 F. App'x 133, 134–35 (3d Cir. 2017) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)). "[E]ven if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.2d at 94 (citations omitted).

Defendants argue that the lengthy Complaint contains claims unrelated to Defendants and fails to provide Defendants notice of the allegations against them. (Defs.' Br. At 3–4.) While the Complaint is long and contains numerous allegations against individuals other than Defendants, the Complaint is not so vague and undeveloped as to warrant dismissal under Rule 8, especially considering Plaintiff's pro se status. The Complaint specifically outlines the allegations against the Defendants in a section titled "Defendants Jack Tinsley jr. and Melissa Tinsley Jr.'s." (*See* Compl. ¶¶ 4.4.29–4.4.42.) Although many sections relate to the actions of other individuals, the Complaint alleges that Defendants were involved in a conspiracy with those individuals, such that their actions are relevant. (*Id.* ¶¶ 5.10.1–5.10.2.) Furthermore, the Complaint lays out the

5

legal basis for Plaintiff's claims in Counts 1 through 11 against Defendants and/or their alleged co-conspirators. (*See id.* ¶¶ 5.1.1–5.11.6.) These elements provide Defendants with sufficient notice as to the allegations against them. Accordingly, Defendants' Motion to Dismiss under Rule 8 is denied.

## II.     Failure to State a Claim

Defendants challenge each of the eleven counts in the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants first argue that Count 1 is vague because it references the FHA in its entirety, rather than pinpointing the specific provision at issue. (Defs.' Br. at 5.) Although the Complaint does not specify the specific provision, Count 1 provides enough detail on the alleged violations to adequately state a claim at the motion-to-dismiss stage. Furthermore, a pro se complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Defendants next claim that Counts 2 and 3 should be dismissed because they allege incidents that occurred in 2015 and 2016, prior to July 2018, when Defendants purchased Unit 273. (Defs.' Br. at 5–6.) While Count 2 references incidents that occurred prior to Defendants' purchase of their property at Sapphire Village, the Complaint also says that the violations occurred "on October 5, 2015 *through presently*." (Compl. ¶¶ 5.2.4, 5.2.7 (emphasis added)). Similarly, for Count 3, the Complaint does not specify a date range on which the alleged noise disturbances and harassment took place. (*Id.* ¶¶ 5.3.6–5.3.7.) Therefore, the Court cannot conclude at this stage that none of the allegations in Counts 2 and 3 occurred after Defendants purchased their unit in Sapphire Village.

Next, Defendants argue that Counts 4 and 7 "specifically allege the wrongdoing was conducted by other individuals or entities." (Defs.' Br. at 6.) Count 4 alleges that Defendants

6

violated 42 U.S.C. § 1982 by "failing to enforce provisions of its By-laws" against Plaintiff's white neighbors, "failing to act on Plaintiff's complaints of racial harassment in the same manner in which they acted on complain and rules violations not showing involving racial harassment," and "by tolerating and facilitating the harassment." (Compl. ¶ 5.4.4.) These allegations clearly refer to actions taken by the Association and Sapphire Village management. Since Plaintiff has not alleged that Defendants were members of the Association or took any part in the enforcement of the Association's by-laws, Count 4 is dismissed. Similarly, Count 7 only alleges actions taken by the Association. (*Id.* ¶¶ 5.7.3–5.7.6.) Therefore, Count 7 is also dismissed.

Defendants also seek dismissal of Counts 5 and 6. (*Id.* at 6–7.) In the related case Civ. No. 18-29, the Court dismissed these counts in its March 30, 2019 Order. (ECF No. 534, Civ. No. 18-29.) The Court first held that the Complaint failed to "provide a plausible basis to infer that Sapphire village is a place of public accommodation," as required under 42 U.S.C. § 2000a. (Order at 10, Civ. No. 18-29, ECF No. 534.) Next, the Court held that Plaintiff did not allege any allegations that fall into any of the provisions of 42 U.S.C. § 1985.[2] (*Id.* at 11–13.) For these same reasons, Counts 5 and 6 of the Complaint are dismissed here.

Finally, Defendants seek dismissal of Counts 8 through 11, which contain Plaintiff's state law claims. (Defs.' Br. at 7.) Defendants argue that in all of these counts, "specific allegations of wrongdoing are directed at other individuals and entities and occurred long before the Tinsleys' involvement in Sapphire Village." (*Id.*) However, each of these counts are directed at all defendants rather than specific individuals, such that it is plausible that Defendants Jack Tinsley,

---

[2] The Court held that the Complaint did not implicate any conduct (a) in which an officer was prevented from performing his duties, or (b) in which a party, witness, or juror was intimidated. (Order at 11–12 (citing § 1985(1)–(2)).) Plaintiff also did not plead a violation of his right to be free from involuntary servitude or the right to interstate travel. (*Id.* at 12–13 (citing §1985(3)).)

7

Jr. and Melissa Tinsley are included in the allegations. (*See* Compl. ¶¶ 5.8.1–5.11.6.) Additionally, none of the allegations in these counts specify the time period, such that the Court cannot determine at the motion-to-dismiss stage whether all of the allegations occurred before July 2018. (*See id.*)

With regards to Count 9 (Negligence), Defendants also argue that they owed no duty to Plaintiff and that Plaintiff has not pleaded any acts or omissions by Defendants. (Defs.' Br. at 7.) However, the Complaint alleges that Defendants had a duty not to "make excessive noise disturbances" and that they breached this duty when they "wantonly, maliciously and recklessly made excessive noise disturbances." (Compl. ¶¶ 5.9.2–5.9.3.) These allegations plausibly state a negligence per se action, in which Defendants had a duty not to violate private nuisance laws and breached that duty. *See, e.g.*, *Alleyne v. Diageo USVI, Inc.*, 63 V.I. 384, 402 (V.I. Super. Ct. 2015) (upholding a negligence claim premised on the theory "that Defendants had a duty to follow the laws of the Virgin Islands, specifically the laws against . . . private nuisance" and that "Defendants breached their duties to Plaintiffs by failing to abate the nuisance"). For these reasons, Defendants' motion to dismiss with respect to Count 9 is denied.

Based on the above, Counts 4, 5, 6, and 7 of the Complaint are dismissed. Counts 1, 2, 3, 8, 9, 10, and 11 may proceed.

### III.  Motion for a More Definite Statement

Defendants move in the alternative for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Defs.' Br. at 7–8.) Rule 12(e) allows a party to move for a more definite statement of a pleading which is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must "point out the defects complained of and the details desired." *Id.* "Whether to grant a motion under Rule 12(e)

is a matter committed largely to the discretion of the district court." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. 2003) (citing *Page Steel & Wire Co. v. Blair Eng'g Co.*, F.2d 403, 407 (3d Cir. 1927)). A plaintiff's compliance with the pleading standards under Rule 8(a) and success in stating a claim upon which relief may be granted under Rule 12(b)(6) does not insulate its pleading from a motion for a more definite statement under Rule 12(e). *Id.* at 233. "However, to the extent Rule 12(e) can be implemented to require more than what is required by Rules 8(a)(2) and 12(b)(6), and may thereby be prone to abuse by defendants, 'its exercise should be cast in the mold of strictest necessity.'" *Id.* (quoting *Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D. 141, 142 (D. Del. 1960)).

As stated in the Rule 8 analysis above, the Complaint in this case contains enough detail to give Defendants notice of the allegations against them. Furthermore, Defendants do not specify the defects or the details desired, and instead argue generally that the allegations are too broad. (*See* Defs.' Br. at 8.) Accordingly, a more definite statement is not strictly necessary here, and the motion is denied.

## IV. Motion to Strike

Defendants also move, in the alternative, to strike Plaintiff's allegations pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (*Id.* at 8–10.) Rule 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court has "considerable discretion" in striking an allegation. *United States v. Southland Gaming of the V.I., Inc.*, 182 F. Supp. 3d 297, 317 (D.V.I. 2016). "The standard for striking a complaint or a portion of it is strict, and 'only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken.'" *Id.* (quoting *Steak Umm Co., LLC v. Steak 'Em Up, Inc.*, 2009 WL 3540786, at *2 (E.D. Pa. Oct. 29, 2009)).

Generally, a Rule 12(f) motion "should not be readily granted absent a showing of prejudice to the movant." *Glasser v. Gov't of the V.I.*, 853 F. Supp. 852, 854 (D.V.I. 1994).

Defendants contend that much of the Complaint alleges events that occurred before Defendants acquired their apartment in Sapphire Village, and thus these events are immaterial to any of the allegations against Defendants. (Defs.' Br. at 9.) They further argue that Plaintiff's allegations of racial discrimination prejudice Defendants and "improperly cast[ ] a sheen of scandal" over them. (*Id.* at 10.) As explained above, although most of the Complaint involves the actions of other individuals, the facts are plausibly relevant to Plaintiff's allegations against Defendants because Plaintiff has claimed that Defendants are part of a conspiracy with those individuals. Additionally, this case has been consolidated with the related cases (ECF No. 44), and therefore the other individuals and events mentioned in the Complaint are now part of the larger consolidated case. For this reason, it would serve no purpose to strike any part of the Complaint at this stage in the case.

## **CONCLUSION**

Defendants' Motion to Dismiss is granted in part and denied in part. Defendants' Motion for a More Definite Statement and Motion to Strike are denied.


Date:   January 15, 2020                                                  */s/ Anne E. Thompson*
                                                                                         ANNE E. THOMPSON, U.S.D.J.