NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL, | |
| Plaintiff, | Civ. No. 19-23 |
| v. | **OPINION** |
| MELISSA TINSLEY and JACK A. TINSLEY, JR, | |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion for Attorney's Fees filed by Defendants Jack and Melissa Tinsley ("Defendants"). (ECF No. 87.) Plaintiff Wilnick Dorval ("Plaintiff") has not opposed. The Court has decided the Motion upon the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' Motion is granted in part and denied in part.

## BACKGROUND

This case arises out of Plaintiff's claims alleging that Defendants, along with other tenants, owners, and board members of the Sapphire Village Condominium Complex ("Sapphire Village"), harassed and racially discriminated against Plaintiff. (Compl. ¶¶ 4.1.1–4.2.10, ECF No. 1.) Defendants were owners of a unit at Sapphire Village during the relevant time period. (*Id.* ¶ 2.10.) Plaintiff alleged eleven counts against Defendants: (1) violations of the Fair Housing

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and 10 V.I.C. § 64 (*id.* ¶¶ 5.1.1–5.1.15); (2) violations of the FHA, 42 U.S.C. § 3617 *et seq.*, and 10 V.I.C. § 64 (*id.* ¶¶ 5.2.1–5.2.10); (3) violations of 42 U.S.C. § 1981 *et seq.* and 10 V.I.C. § 64 (*id.* ¶¶ 5.3.1–5.3.10); (4) violations of 42 U.S.C. § 1982 *et seq.* and 10 V.I.C. § 64 (*id.* ¶¶ 5.4.1–5.4.8); (5) violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000a (*id.* ¶¶ 5.5.1–5.5.3); (6) violations of 42 U.S.C. § 1985 and the Fourteenth Amendment (*id.* ¶¶ 5.6.1–5.6.8); (7) unlawful entry, trespass, invasion of privacy, unlawful search and seizure in violation of the Fourth Amendment, and conversion (*id.* ¶¶ 5.7.1–5.7.9); (8) private nuisance (*id.* ¶¶ 5.8.1–5.8.9); (9) negligence and gross negligence (*id.* ¶¶ 5.9.1–5.9.7); (10) civil and criminal conspiracy to violate the FHA (*id.* ¶¶ 5.10.1–5.10.4); and (11) intentional infliction of emotional distress (*id.* ¶¶ 5.11.1–5.11.6).

On April 8, 2019, Plaintiff filed a Motion for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. (ECF No. 8.) On May 10, 2019, Defendants filed a Motion to Dismiss (ECF No. 12), which the Court granted in part and denied in part, dismissing Counts Four through Seven of the Complaint (ECF No. 75). Plaintiff filed four cases with related allegations, which were consolidated with the present case for trial. (ECF No. 44.) A bench trial was held on January 6–8, 2020. On February 26, 2020, the Court issued its Findings of Fact and Conclusions of Law (ECF No. 85) and entered Judgment in favor of Defendants on the remaining counts against them (ECF No. 86). On March 11, 2020, Defendants filed the present Motion for Attorney's Fees (ECF No. 87), requesting $17,082.50 in fees for 64.60 hours of work (Defs.' Br. at 9, ECF No. 88). Defendants indicate that Attorney Carol A. Rich, a partner with more than thirty years of legal experience, billed an hourly rate of $350.00, while her associate, Malorie Diaz, billed an hourly rate of $275.00. (*Id.* at 8.) Plaintiff has not opposed. The Motion for Attorney's Fees and Costs is presently before the Court.

**LEGAL STANDARD**

Within fourteen days of the entry of judgment, a party may move for attorney's fees, specifying the legal grounds entitling it to fees and an estimate of the amount sought. Fed. R. Civ. P. 54(d)(2)(A)–(B). Generally, absent legislation to the contrary, litigants must bear their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). However, § 3613(c)(2) of the FHA allows a prevailing party to recover "reasonable attorney's fees and costs." Similarly, 42 U.S.C. § 1988(b) allows for the awarding of attorney's fees and costs in any action to enforce a provision of § 1981, § 1982, or § 1985. For a prevailing defendant to recover fees and costs in these types of actions, the Court must find that the action was "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421–22 (1978); *see also Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 50 (2d Cir. 2012) (applying the *Christiansburg* rule to § 3613(c)(2)); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (applying the *Christiansburg* rule to § 1988(b)). Additionally, 5 V.I.C. § 541(b) allows for recovery of attorney's fees and costs for claims brought under Virgin Islands territorial law. *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 312–13 (3d Cir. 2014).

The fee awarded should be "a fair and reasonable portion of [the] attorney's fees incurred in the prosecution or defense of the action." *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969). To determine reasonableness, the Court considers "the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service, and the certainty of compensation." *M & T Bank v. Soto*, 2015 WL 1529587, at *4 (D.V.I. Mar. 31, 2015) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008)). The Court undertakes a two-step inquiry when examining the

3

reasonableness of attorney's fees. "First, the Court determines whether the hours billed were 'reasonably expended,' excluding time billed that is 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Berne Corp. v. Gov't of V.I.*, 2012 WL 369535, at *10 (D.V.I. Feb 3, 2012)). Second, the Court determines "whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community 'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The burden of proving that a request for attorney's fees is reasonable rests on the party seeking the fees. *Rode*, 892 F.2d at 1183.

## **DISCUSSION**

Defendants prevailed on all of Plaintiff's claims against them. As a preliminary matter, the Court must first decide whether Defendants can recover fees for the federal claims at issue. The federal claims are contained in Counts One through Six of the Complaint, which alleged violations of the FHA (§§ 3601, 3617), § 1981, § 1982, § 1985, and § 2000a. To recover fees and costs on these claims, the Court must find that Plaintiff's claims were frivolous or without foundation. *See Christiansburg*, 434 U.S. at 421–22. Plaintiff's claims clearly lacked merit: Plaintiff provided no evidence at trial indicating a conspiracy among Defendants to discriminate against Plaintiff, and Plaintiff revealed in his testimony that he believed the alleged actions were part of a larger conspiracy orchestrated by various branches of the federal government. (*See* Findings at 17–22, ECF No. 85.) Accordingly, Defendants can recover on the federal claims. Because recovery for the territorial claims is also permitted under 5 V.I.C. § 541(b), the Court finds that Defendants can recover fees for all of Plaintiff's claims.

To calculate attorney's fees, the Court must first assess whether the hours are reasonable given the length of the case, the number of filings, and the complexity of the claims. This case

4

lasted less than a year, during which time defense counsel only filed two substantive motions, and Plaintiff only filed two motions that required a response by Defendants. (ECF Nos. 8, 12, 25, 55.) Accordingly, the majority of defense counsel's time was dedicated to discovery and trial preparation. (*See* Ledger 3–6, ECF No. 87-2.) Although the Complaint was lengthy, the claims against Defendants in particular were relatively narrow. Still, the fact that Plaintiff filed four related cases added a layer of complexity, requiring counsel to examine the allegations and legal arguments in those cases. Given these considerations, the hours reported in the Ledger with respect to defense counsel's activities appear reasonable.

Next, the Court must determine a reasonable hourly rate. "Virgin Islands courts 'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Soto*, 2015 WL 1529587, at *4 (citing *Anthony* ex rel. *Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012)). More recently, a court in this district found that an hourly rate of $325.00 was reasonable for an attorney with almost forty years of legal experience, and an hourly rate of $250.00 was reasonable for an associate with eight years of legal experience. *U.S. Postal Serv. Fed. Credit Union v. Edwin*, 2018 WL 1077291, at *4 (D.V.I. Feb. 27, 2018). "The burden rests on the fee applicant to produce satisfactory evidence, in addition to counsel's own affidavits, that the rates sought are in line with prevailing rates in the community for similar services, by lawyers of reasonably comparable skill, experience, and reputation." *Pollara v. Ocean View Inv. Holding LLC*, 2015 WL 4735205, at *3 (D.V.I. May 21, 2015).

Attorney Rich submits that she billed an hourly rate of $350.00 with a fifty percent discount for trial time due to the fact that she was also appearing on behalf of Defendants Thomas and Lourdes Cordero in the consolidated cases. (Rich Affirm. at 1–2, ECF No. 87-1.) Attorney Rich also submits that Attorney Diaz, an associate, billed an hourly rate of $275.00,

also with a fifty percent discount for trial time. (*Id.*) Although Attorney Rich has thirty years of experience, which weighs in favor of allowing a higher rate, the claims against Defendants were relatively straightforward, and defense counsel was able to rely on the work produced by the attorneys in the consolidated cases. Additionally, because Attorney Rich also represented the Corderos in the related cases for four years, she was already familiar with the facts and legal arguments of the case when she began representing Defendants in this case. For these reasons, an hourly rate of $300.00 is appropriate. As for Attorney Diaz, Defendants do not specify her years of experience or provide any arguments in favor of a higher rate. Therefore, the Court will reduce Attorney Diaz's hourly rate to $225.00 per hour, which reflects the middle of the reasonable range for attorney's fees in the Virgin Islands. *See Soto*, 2015 WL 1529587, at *4.

Based on the above, Defendants are awarded $14,527.50 in attorney's fees, which includes: (i) 28.90 hours of work by Attorney Rich at an hourly rate of $300.00; (ii) 23.00 hours of work by Attorney Rich at an hourly rate of $150.00 for trial time; (iii) 8.70 hours of work by Attorney Diaz at an hourly rate of $225.00; and (iv) 4.00 hours of work by Attorney Diaz at an hourly rate of $112.50 for trial time.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Attorney's Fees is granted in part and denied in part. An appropriate Order will follow.

Date: <u>May 11, 2020</u>                         <u>*/s/ Anne E. Thomson*</u>
                                                  ANNE E. THOMPSON, U.S.D.J.